Pee. Curiam.
In 1834 Huddleston was appointed guardian of Hendricks by the probate court of Lowndes county. He proceeded in the discharge of his duty, and exhibited his accounts of receipts and disbursements, up to May term, 1843, when he presented his final account, his ward being -then of full age. In this account is stated the several balances appearing in the previous accounts, and receipts of the ward were-exhibited to the full amount which had come to the hands of the guardian, or at least to the amounts reported, and Huddleston, on his application, was discharged. At August term, 1844, Hendricks presented his petition to the probate court, in which he avers inaccuracies in the accounts, and prays that the final settlement may be set aside, and the errors corrected. The prayer of the petitioner was refused, and thereupon he appealed. The petitioner states, that when the final account was passed, he was not familiar with accounts, and not having ex *427 amined the same, presumed it to be correct. The record does not show that the petitioner was present in court at the final settlement, but the confession here made is equivalent to an admission that he was so present. The party then had his day in court, and an opportunity to contest the account, and to his appeal if the court decided incorrectly. We have so repeatedly held that the judgments and orders of the probate court are final, that it is now too late to raise such a question. 5 How. 739; 1 How. 450; 1 S. & M. 510. It was useless to confer on that court the power to adjudicate, if its adjudications could be set aside for such causes as are set out in this petition. But if there was no doubt as to the power, still the petition shows no merits to justify the opening of the decree. One objection to the report is, that the guardian sold property on a credit, and failed to charge himself with the interest which accrued on the claims before payment; but there is no showing that he received any. The main ground relied on is, that the guardian did not allow interest foi¡ the money in his hands. By law a guardian is not chargeableVwith interest, unless he has consented to take the money at interest; or unless it has been loaned out at interest, under the direction of the court. H. & H. Dig. 338, sec. 11.
The judgment must be affirmed.